UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Paul Benedict and Marilyn Benedict,

Plaintiffs,

v.

United States of America,

Defendant.

Civil No. 00-1089 ADM/AJB

**ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiffs' motion for leave to amend the complaint to include State Farm Insurance Companies as an additional plaintiff [Docket No. 9]. Hearing was held on October 2, 2000, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Steven L. Theesfeld, Esq., appeared on behalf of the plaintiffs. Patricia R. Cangemi, Esq., Assistant United States Attorney, appeared on behalf of the defendant. The named plaintiffs have alleged a property damage claim arising out of a motor vehicle accident involving a U.S. Postal Service vehicle. State Farm seeks to specifically assert its own subrogation interest with respect to the damages that have been alleged.

Based upon the file, memoradums, affidavits, and arguments of counsel, **IT IS HEREBY ORDERED THAT** plaintiffs' motion for leave to amend the complaint is **granted** [Docket No. 9]. Plaintiff is permitted to serve an amended complaint including State Farm Insurance Companies as a named plaintiff in this action.

FILED OCT 0 5 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Dated: 10/5/00

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

The plaintiffs presently named in this action allege that their 1992 Dodge Caravan was damaged when Marilyn Benedict drove the vehicle into a roadside ditch after she swerved to avoid hitting a U.S. Postal Service vehicle that had pulled out in front of her.[1] For purposes of settlement on an insurance claim, the Benedicts' insurer, State Farm, paid $5,750.30 to the insureds and took a subrogation interest.[2] The Benedicts remained liable for a $250.00 deductible. The Benedicts and State Farm thereafter submitted separate but contemporaneous claims for their respective monetary losses.[3] The claims were addressed to the United States Postal Service and in notices dated December 16, 1999, the claims were separately denied on the basis of insufficient showing of liability.[4] The claimants were advised of a six-month limitation on time for filing suit in United States District Court. A complaint was timely filed on April 28, 2000, naming only Paul and Marilyn Benedict as plaintiffs, but claiming the total amount of

---

[1] Affidavit of Steven L. Theesfeld, Exhibit A.

[2] Id., Exhibit B.

[3] Id., Exhibit A.

[4] Defendant's Opposition to Plaintiffs' Motion to Amend, Exhibits A and B.

$6,048.91 as damages.[5] The initial complaint makes no reference whatsoever to State Farm or its subrogation interests. Plaintiffs now seek to specifically allege State Farm's subrogation claim by amendment to the complaint. Plaintiffs contend that the claim is implicit in the damages alleged in the initial pleading. Defendant argues that the insurer's claim is barred by the six-month limitation of time under 28 U.S.C. § 2401(b) and that pursuant to 28 U.S.C. § 2675(b), the damages recoverable to the currently named plaintiffs can be no more than the $250.00 amount alleged in the claim presented to the agency.

The time limitations established at 28 U.S.C. § 2401 (b) are essentially a waiver of sovereign immunity and the statute must therefore be strictly construed. Lee v. United States, 980 F.2d. 1337, 1339 (10th Cir. 1992) citing Manko v. United States, 830 F.2d 831, 841-42 (8th Cir. 1987). The obvious purpose of Section 2401(b) is to encourage the prompt presentation of tort claims. Manko v. United States at 839, quoting United States v. Kubrick, 444 U.S. 111, 117-18, 100 S.Ct. 352, 357 (1979). The objective of the statute was to create an administrative-claims system through which an agency could resolve specific claims for specific monetary amounts. Manko at 840. Despite the general rule of strict construction in the application of Section 2401(b), exceptions to absolute time limitations have been found appropriate, and claims allowed to "relate-back," in circumstances in which the value of the claim and the defenses remained the same; only the identity of the claimant changed; and the amendment did not impair the government's ability to evaluate the claim or defend the lawsuit. Manko at 841, citing

---

[5] The pleadings and exhibits do not account for the $48.57 difference between the damages amount asserted in the complaint and the total of the $5,750.34 subrogation claim and the $250.00 deductible. This difference is minimal and the Court does not find it material to a determination on whether the defendant had proper notice of the amount and nature of the claim.

Executive Jet Aviation, Inc. v. United States, 507 F.2d 508, 514-17 (6th Cir. 1974).

In the present action the agency is compelled to suffer no disability or prejudice whatsoever from allowance of the proposed amendment. The presence of the insurer as a claimant, the subrogation interest that provided standing, and the amount of the claim were fully known to the agency as a result of the administrative claims that were previously filed. In fact, it is clear in this instance that the insurer has always been the real and primary party in interest and that State Farm is a proper plaintiff in the District Court action. Application of the relation-back doctrine to permit the proposed amendments does not frustrate the purpose of Section 2401(b) and is entirely appropriate in this case. The motion for leave to file an amended complaint is therefore granted.