**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Paul Benedict and Marilyn Benedict,

Plaintiffs,

v.

United States of America,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1089 ADM/AJB

---

Steven Theesfeld, Esq., and Craig T. Dokken, Esq., Yost & Baill, Minneapolis, Minnesota, on behalf of the Plaintiffs.

Patricia R. Cangemi, Esq., Assistant United States Attorney, Minneapolis, Minnesota, on behalf of the Defendant.

---

## I. INTRODUCTION

This matter comes before the undersigned United States District Judge pursuant to Defendant's Appeal from the Magistrate Judge's Order [Doc. No. 18]. On October 5, 2000, Magistrate Judge Boylan issued an Order granting Plaintiffs' Motion for Leave to File Amended Complaint [Doc. No. 15]. Thereafter, Defendant filed this appeal. Based on the record and the parties' memoranda in support of and in opposition to the motion, and for the reasons set forth below, Judge Boylan's order granting Plaintiffs' motion to amend the complaint is affirmed.

## II. DISCUSSION

Judge Boylan's statement of the facts in his Memorandum is incorporated by reference for purposes of this Order.

NOV 09 2000
FILED ______
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Section 2401(b)[1] requires the reasonably diligent presentation of tort claims against the United States. *See United States v. Kubrick*, 444 U.S. 111, 123 (1979). Both the Benedicts and State Farm submitted administrative claims pursuant to the Federal Tort Claims Act (FTCA), for $250.00 and $5,750.30, respectively. After their claims were denied, the claimants were advised of the six-month period of limitation in which they could file suit in United States District Court. Plaintiffs filed a complaint within this period claiming the total amount of $6,048.91 in damages,[2] but naming only the Benedicts as plaintiffs. Defendant contends that State Farm's claim is barred by § 2401(b).

Although the jurisdictional prerequisites of § 2401(b) must be strictly construed, courts have identified an appropriate exception where the amendment did not impair the government's ability to evaluate the claim or defend the lawsuit; the value of the claim and the defenses against it remained the same, and only the identity of the claimant changed. *See Manko v. United States*, 830 F.2d 831, 841-42 (8th Cir. 1987) (citing *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 514-17 (6th Cir. 1974). In *Executive Jet Aviation*, the court allowed the plaintiff to amend its administrative complaint to show the insurer as a joint claimant and gave the insurer the opportunity to join the action as plaintiff. *See Executive Jet Aviation*, 507 F.2d at 515.

---

[1] 28 U.S.C. § 2401(b) provides in part:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim . . .

[2] The pleadings and exhibits do not account for the $48.57 difference between the damages amount alleged in the complaint and the total of the $5,750.30 State Farm claim and the $250 claim by the Benedicts. The minimal difference is not material to the determination of whether Defendant had proper notice of the nature of the claim and amount of damages.

Because the theory of subrogation allows the insurer to stand in the shoes of the insured, the court found that the government's substantive defenses would not have been affected by the amendment to add the insurer. *See id.* at 516. Furthermore, the *Executive Jet Aviation* court recognized that sustaining the government's position would produce a harsh result for the insurer because it would be left with no recourse against the government. *See id.*

Here, as in *Executive Jet Aviation*, the amendment of Plaintiffs' complaint will not impair Defendant's ability to evaluate the claims or defend the lawsuit. Defendant was on notice of the amount of the claim as a result of the administrative claims filed by State Farm and the Benedicts. Under its subrogation rights, State Farm is entitled to pursue its claim in the name of its insureds, the Benedicts. *See Lines v. Ryan*, 272 N.W.2d 896, 903 (Minn. 1978); *Blair v. Espeland*, 43 N.W.2d 274, 275 (Minn. 1950). Further, State Farm's claim was implicit in the total amount of damages alleged in the complaint.

State Farm did not abandon its subrogation claim by bringing suit in its insured's name. The prior administrative claims filed by State Farm and the Benedicts, together with the insurer's subrogation interest as demonstrated by the total amount of damages alleged in Plaintiffs' complaint, show that the value of the claim and the defenses against it remained the same while the amendment merely changed the identity of the claimant. Permitting the amendment to the complaint does not frustrate the purposes of § 2401(b).

Defendant also relies upon 28 U.S.C. § 2675(b), which prevents a party from bringing a claim in "excess of the amount presented to the agency," in support of its argument that Judge Boylan erred in allowing Plaintiffs to amend their complaint. As discussed above, State Farm and the Benedicts separately presented to the agency the same total amount of damages as

claimed in the complaint. The only difference is that State Farm is seeking its claim in the name of its insured under principles of subrogation. To rule otherwise would elevate form over substance. Under the circumstances, granting leave to amend the complaint was appropriate.

## III. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's Order [Doc. No. 15] granting Plaintiffs' motion to amend the complaint is **AFFIRMED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: November 9, 2000